# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2012

No. 12-30219
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMONT WILLIAMS,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CR-234-7

Before SMITH, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lamont Williams, federal prisoner # 29903-034, moves to proceed *in forma pauperis* ("IFP") in this appeal from the denial of his motion for relief from an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30219

allegedly void judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). The district court denied the request to proceed IFP on appeal, certifying that the appeal was frivolous. Williams's IFP motion in this court is a challenge to that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992).

This court reviews *de novo* a ruling on a request for relief under Rule 60(b)(4). *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). As he did in district court, Williams argues that the district court lacked subject-matter jurisdiction because the United States had failed to establish standing to pursue the criminal complaint against him. Because Williams has not shown that he will present any nonfrivolous issue on appeal, the motion for leave to proceed IFP is DENIED, and this appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Williams is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).